No. 246.—F. C. Peck et al. *v.* C. N. Gillis and Husband.

A suit for separation of property by the wife implies a relinquishment of the community. When, therefore, as in this case, the wife has obtained a judgment separating her in property from her husband, and the husband retains certain lands in his possession and under his control during the time of the execution of the judgment, which are not claimed or sought to be placed in the community, but are treated as the separate property of the husband, she will be held and treated as having relinquished her community rights therein, and her heirs can not afterward maintain an action against the vendee of the husband for one-half of the land conveyed by him on the ground that it was community property.

APPEAL from the Twelfth Judicial District Court, parish of Catahoula. *Crawford, J. Garrett & Garrett* and *R. W. Richardson,* for plaintiffs and appellants. *Mayo & Spencer,* for defendant and appellee.

WYLY, J. In 1841, John H. Lovelace married the mother of the plaintiffs, Patience J. Lovelace, owning at the time the land involved in this suit.

In 1848 this land was sold under a judgment against him, and was bought by Truman Phelps, and on the fifth day of April, 1850, it was sold by Phelps to the former owner, John H. Lovelace. This occurred during the marriage. In November, 1850, Patience Lovelace instituted suit against her husband for separation of property, and for judgment for $4000 paraphernal funds. On the fourteenth day of June, 1851, judgment was rendered in her favor for $500, decreeing a dissolution of the community and authorizing her to administer her own property as a *femme sole.* This judgment was executed by payment, evidenced by notarial act, in October, 1851. In 1853 Mrs. Lovelace died. In 1866 the land was sold by John H. Lovelace to the husband of the defendant, by whom it was conveyed to her in 1868.

This suit was filed on the eighteenth day of February, 1871, by the heirs of Mrs. Lovelace, to recover the undivided half of the land described in the petition, and the value of the rents thereof for the years 1868, 1869, 1870 and 1871, on the ground that said property, so acquired in the transfer from Phelps, was community property, and at the death of their mother, in 1863, the ownership of said undivided half vested in them as her heirs.

The defense is:

*First*—That the sale to Phelps by the sheriff was so irregular that it operated no divestiture of title, which remained notwithstanding in John H. Lovelace, who owned the property long before the marriage with the mother of the plaintiffs; that the conveyance from Phelps to Lovelace was without warranty—was merely a release of a right which was not valid, for the purpose of securing peace and avoiding litigation, and was not such implied acknowledgment of the title in Phelps as to preclude him, Lovelace, from disputing it.

*Second*—Conceding the validity of Phelps' title and the acquisition of the property by the community in April, 1850, still the plaintiffs

can not recover, for the reason that their mother, under whom they claim, sued for and obtained judgment dissolving the community, and having failed to accept, is legally and conclusively presumed to have renounced it.

The court gave judgment rejecting the demand of the plaintiffs, and they have appealed.

We entirely concur in the conclusion of the district judge.

The community of acquets and gains was dissolved in 1851, and the judgment for the amount of her paraphernal funds has been duly executed. A suit for separation of property implies a relinquishment of the community. The judgment discharges the wife from its liabilities upon the implied relinquishment of her residuary right in the assets thereof. She can not have the advantages of the gains and escape the encumbrances imposed upon partners in community. It is true that article 2430 of the Revised Civil Code declares that "the wife who has obtained the separation of property, may, nevertheless, accept the partnership or community of gains, which has existed till that time, if it be her interest to do so, and upon her contributing, in case of acceptance, to pay the common debts." This is a right given to the wife, which she may exercise after her separation of property, provided it be to her interest to do so, and upon her contributing, in case of acceptance, funds to pay the common debts. By this article she is only restored to participation in the common property existing at the time of the separation of property, but not to the gains subsequently acquired by the husband during the marriage. It is a conditional restoration, based upon the consent of the wife to pay part of the debts, in order to take part of the property belonging to the community at the time of the separation of property.

It is not a right which the wife is presumed to accept. Having sought to escape the liabilities of the community, the presumption is the incumbrances were greater than the value of the common property. Nevertheless, the article referred to gives the wife the right, if it be to her interest, to accept the community of gains upon contributing to pay the common debts.

This right has never been accepted in the case before us. The condition upon which the partial restoration contemplated by article 2430 should take place, has never been consummated. The mother of the plaintiffs never consented to pay part of the community debts, after the separation of property, in order to participate in its gains existing at the time of the dissolution thereof.

We conclude there was no restoration of the gains of the community under article 2430, and that the heirs of Mrs. Lovelace have failed to establish their title to the property in dispute, and their petitory action must fail.

Judgment affirmed.